UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY COLLEGE OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-05504-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 37 |

　　　　Pending before the Court is Defendant San Francisco Community College District's[1] ("Defendant" or the "District") motion to dismiss Plaintiff's ("Plaintiff") second amended complaint ("SAC"), which alleges unspecified racial discrimination and retaliation claims.  *See* Dkt. No. 33-1.  Having read the parties' papers and carefully considered their arguments, the Court finds the matter appropriate for decision without oral argument, *see* Civil L.R. 7-1(b), and hereby GRANTS the motion with leave to amend for the reasons stated below.

　　　　Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

　　　　While courts must "accept factual allegations in the complaint as true and construe the

---

[1] Plaintiff originally filed suit against "City College of San Francisco" and "City Colleges of California."  However, Defendant has asserted that such names are erroneous, and that it should instead be referred to as the "San Francisco Community College District."

pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), it is insufficient for pleading purposes to merely state a series of "conclusory allegations" or "unwarranted inferences," *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004), as Plaintiff does here.

For example, Plaintiff alleges that her City College of San Francisco counselor, Kate Ryan,[2] "violated [her] civil rights by treating [her] (the only African American in her class that needed her assistance) different[ly] from the other students in the class that needed her assistance." Dkt. No. 33-1 at 2. Plaintiff's sole claimed basis for this allegation is that Ryan is white while she is black. *Id.* However, this type of conclusory allegation of discrimination is insufficient. The statement that Dean Jorge Bell "participated in the underlying cultural bias of group oppression at the school" by "not attempt[ing] to try to eradicate the discrimination that counselor Ryan was practicing" is similarly insufficient, as it would require the Court to draw unsupported and unreasonable inferences.

Instead, to state a claim under Title VI of the Civil Rights Act of 1964, Plaintiff must plead facts sufficient to show that "(1) [Defendant] is engaging in racial discrimination; and (2) [Defendant] is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). To show that Defendant is engaging in racial discrimination, Plaintiff must show that "(1) there is a racially hostile environment; (2) the district had notice of the problem; and (3) it 'failed to respond adequately to redress the racially hostile environment.'" *Monteiro v. Temple Union High Sch. Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998).

A racially hostile environment is "one in which racial harassment is severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate in or benefit from the services, activities or privileges provided by the recipient." *Id.* (internal quotations omitted). Plaintiff may demonstrate that Defendant had either actual or constructive notice of the hostile environment. *Id.* at 1034. A "district is liable for its failure to act if the need for intervention was so obvious, or if inaction was so likely to result in discrimination, that it can be

---

[2] While Plaintiff refers to her counselor, Kate Ryan, as "defendant," Ms. Ryan is not a party to this action.

said to have been deliberately indifferent to the need." *Id.* (internal quotations omitted).

Plaintiff's SAC fails to plead facts sufficient to meet these standards. Because Ms. Ryan is not a named Defendant, Plaintiff's third amended complaint ("TAC") must clearly specify how the Defendant--San Francisco Community College District--discriminated against her on the basis of race. "Such facts might include allegations of overtly racially-motivated misconduct, such as the use of racial slurs, . . . alleg[ations] that other members of the protected class suffered similar mistreatment, . . . [or] alleg[ations] showing that [Plaintiff] was treated less favorably than similarly situated students who were not members of the protected class." *Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12–02950 CRB, 2013 WL 812425, at *4 (N.D. Cal. March 5, 2013). Plaintiff may not allege that Defendant is vicariously liable for Ms. Ryan's actions. *See Santos v. Peralta Cmty. Coll. Dist.*, No. C–07–5227 EMC, 2009 WL 3809797, at *7 (N.D. Cal. Nov. 13, 2009) (holding that "a theory of vicarious liability is not viable under Title VI, just as such a theory is not viable under Title IX."); *Earl v. Fresno Unified Sch. Dist. Bd. of Educ.*, No. 1:11–CV–01568–LJO–GSA, 2012 WL 1608606, at *4 (E.D. Cal. May 8, 2012).

Finally, the Court notes that Plaintiff's SAC failed to properly list the jurisdictional basis for her claims. *See* Dkt. No. 33-1 at 1. Plaintiff's TAC must clearly and separately list each federal cause of action she wishes to bring, as she has done in her opposition to Defendant's motion to dismiss.

//
//
//
//
//

Because the Court finds that Plaintiff's SAC fails to state a claim, Defendant's motion to dismiss is GRANTED. In addition, because Plaintiff's proposed third amended complaint suffers from many of the same deficiencies as the SAC, Plaintiff's motion for leave to file that amended complaint is DENIED. *See* Dkt. No. 52. Plaintiff has a final opportunity to file a TAC that corrects the deficiencies identified above, if she can truthfully make such allegations. The TAC

3

1  may not add any parties and Plaintiff may not seek leave to further amend unless the Court
2  determines that the TAC adequately states a claim.  The TAC must be filed no later than
3  November 28, 2016.
4      **IT IS SO ORDERED.**
5  Dated: 10/28/2016

                                           HAYWOOD S. GILLIAM, JR.
                                           United States District Judge

United States District Court
Northern District of California